INHABITANTS OF PLANTATION No. 9 *versus* BEAN & *al.*

An action properly commenced under c. 196, § 7, of laws of 1850, and pending in Court at the time of the enactment of c. 29, of laws of 1853, is maintainable, nothwithstanding the 7th § of former Act was repealed by c. 284, of laws of 1852. — RICE, J., *dissenting.*

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS, for cutting timber upon the *public lands* in Plantation No. 9, commenced by virtue and under the provisions of c. 196, § 7, of laws of 1850.

The defence was, that this section had been repealed by c. 284, of laws of 1852.

This cause came on for trial at the October term, 1852, and it was then stipulated, that if the action is further maintainable by the plaintiffs, or if not maintainable by them, yet if the Land Agent can legally and will assume the further prosecution of this suit, then the cause is to stand for trial, otherwise, the plaintiffs to become nonsuit.

*Fuller* and *Harvey*, for plaintiffs.

*Thacher* and *Bradbury*, for defendants.

Plantation No. 0 v. Bean.

The opinion of a majority of the Court, SHEPLEY, C. J., and TENNEY and HATHAWAY, J., was drawn up by

TENNEY, J. — This action was commenced by virtue of the statute of 1850, c. 196, § 7. While it remained in Court, not disposed of, by statute of 1852, c. 284, § 1, this section was repealed, without any reservation, touching suits, which had been commenced, and which were then pending, the lands reserved for public uses, &c., being transferred to the care and custody of the Land Agent. By the statute of 1853, c. 29, it was provided, that the statute of 1852, referred to, should not operate to defeat any suit or action which was pending at the time of the passage thereof. .

The repeal of the 7th section of c. 196, was not intended to take from those, to be benefited thereby, any rights, which had been secured to them; or to relieve trespassers upon public lots in any degree from liability; but only to change the party, in whose name suits could be brought for the recovery of damages, arising from trespasses upon such lots. After the statute of 1852, and before that of 1853, actions commenced prior to the former, if brought to trial, could not have been sustained, because they stood in the name of a party, as plaintiff, not authorized by any existing statute to prosecute such suits. The failure would have been in the remedy, and not in the right. It was competent for the Legislature to make any provision, by which this right could be effectual. This could be done by providing for the maintenance of the actions then pending in the name of the plaintiffs, who instituted the suits, or by substituting therefor the person, who had the charge of the public lots, in trust.

The language of the statute of 1853, will authorize the prosecution of this suit in the name of the plaintiffs as it now stands.

According to the agreement of the parties the action is to remain for trial.

Plantation No. 9 *v.* Bean.

Dissenting opinion by

RICE, J. — This action was commenced under the provision of § 7, c. 196, statute of 1850. Whilst the action was pending in Court, the Act of 1852, c. 284, was passed. By the first section of this last Act, the 7th section of the Act of 1850, was unconditionally repealed. By that repeal, all actions and rights of action depending upon the repealed section, when the proceedings were not concluded, were destroyed.

"I take the effect of a repealing statute to be to obliterate it, (the statute repealed) as completely from the records' of Parliament, as if it had never existed, except for the purpose of those actions or suits which were commenced, prosecuted and *concluded,* whilst it was an existing law." TINDALL, C. J., in *Keye* v. *Goodwin,* 4 Moore & Payne, 341.

"The effect of such a (repealing) clause on a previous statute which imposes a penalty, or confers jurisdiction upon a court, even in civil cases, is not denied. In the first case the penalty is gone, though the repeal take place while the prosecution for it is pending. In the latter case, though the party may have instituted his writ, and it be pending at the time of the repeal, the jurisdiction is gone, and with it all his rights." COWEN, J.; in *Butler* v. *Palmer,* 1 Hill, 324.

But it is contended that this action is saved by the statute of 1853, c. 29, which provides, that the Act of 1852 shall not operate to defeat any suit or action which was pending at the time of the passage thereof.

It is not perceived how the Legislature could in this way restore rights which had been lost, or bring into being actions which by virtue of this repeal had been extinguished. The attempt to do so by subsequent legislation was simply nugatory. *Ashby, appellant,* 4 Pick. 21.

The foundation on which the action vested having been removed by the repeal of the statute by authority of which it had been commenced, and the right to maintain and prosecute it having been taken away, the fact that it remained on the docket of the Court could not change the rights of the

parties. It remained then only as an unauthorized incumbrance.